W. C. PARKE, Assignee, *vs.* SEE HOP & CO.

ASSUMPSIT.    BEFORE MCCULLY, J.

MAY, 1887.

The Supreme Court having decided that a chattel mortgage given by a bankrupt before his bankruptcy was void, as in fraud of creditors: held, that the bankrupt's assignee is entitled to recover from the mortgagees the proceeds of goods, sold by said bankrupt, covered by said chattel mortgage.

AGREED STATEMENT OF FACTS.

The respective parties hereto, by their attorneys, agree for the purposes of this trial, that the following are the facts which exist and would be proved in this cause, were witnesses called for the purpose of making proofs, to wit:

1. That said defendants were, on January 1st, 1886, and have ever since that date continued to be partners in business at Kahului, in the Island of Maui, under the firm name of See Hop & Company.

2. That said defendants, on the dates hereinafter mentioned respectively, loaned and advanced to one Afu (then conducting mercantile business at Wailuku, in said Island of Maui) the sums hereinafter respectively set forth, and took the promissory notes of said Afu, payable to their order as hereinafter set forth, to wit:

January 1st, 1886—$400, taking two notes for $200 each, payable at one and two months respectively, without grace, with interest.

March 31st, 1886—$600, one note for said amount, payable one month from date, without grace, with interest.

3. That on or about the 26th of April, 1886, each of said notes being then unpaid, said defendants loaned and advanced to said Afu the further sum of $178, upon the representation of said Afu that he was pressed by Messrs. Hyman Brothers for payment of a debt to them amounting to $120, the balance of said sum of $178 having been intended by the parties to bring

Afu's indebtedness to defendants (including interest on previous loans) to $1200.

4. That Afu discharged said obligation to Hyman Brothers with the money so advanced by defendants.

5. That it was agreed between said defendants and Afu, at the time the last named loan was made (to wit, on or about April 26th, 1886), that Afu should secure defendants in the premises by giving them a mortgage of his stock-in-trade and store furniture at Wailuku; and that said parties came to Honolulu by the first conveyance thereafter, and had such a mortgage drawn and executed by Afu on May 1st, 1886.

6. That said parties then returned to Maui, when defendants placed Afu in charge of said mortgaged premises as their agent, under the terms of said mortgage (which is hereby referred to and made a part hereof), and that said Afu continued so in charge as salesman, and on June 17th, 1886, paid to defendants, as proceeds of sales of the property so mortgaged, the sum of $236.90, which was then, and still is, the only payment or amount of money received by said defendants on account of said amounts so by them loaned and advanced as aforesaid, or any of them.

7. That on the 21st day of June, 1886, Messrs. Hoffschlaeger & Co., of Honolulu, petitioned this Honorable Court to have said Afu adjudged a bankrupt, and said Afu was so adjudged on, to wit, the 28th day of June, 1886.

8. The plaintiff was elected assignee of the estate of said Afu on July 13th, and qualified on July 14th, 1886.

9. The records in the cases of *Bankruptcy of Afu*, and *See Hop & Co. vs. J. H. Soper et al.*, are referred to, and made a part of this statement.

10. That plaintiff has, to wit, February 16, 1887, duly demanded payment of said sum of $236.90 from said defendants.

The question is: can the plaintiff recover, in view of the foregoing facts, upon the pleadings herein, or whether defendants shall take judgment upon their set-off or counter-claim herein?

Honolulu, April 18, 1887.

DECISION OF MCCULLY, J.

This case is submitted to the Court, the jury being waived, on an agreed statement of facts.

Upon consideration of them and of the records referred to, I think judgment should be for the plaintiff.

The finding of the Court in the case of *See Hop & Co. vs. Soper* (in Banco, January Term, 1887: see VII Hawn.) was, that the giving of the mortgage, found to be fraudulent, was in itself an act of bankruptcy. The payment of this amount ($236.90) was directly in pursuance of the mortgage and the possession thereunder. This fact will distinguish this payment from payments which might be made by a person actually insolvent to creditors not colluding with him in a fraudulent transfer of his whole property. The diligence and assiduity of a creditor who secures payments from a debtor, who afterwards becomes bankrupt, is a different thing from the receipt of realizations from property transferred by fraud, which itself works bankruptcy.

I do not regard the payment of money under the former circumstances as such a "transfer of property" as contemplated by Section 14 of the Bankruptcy Act (1884); but the act in question is the payment of money received for property so transferred.

Judgment for the plaintiff.

*Whiting & Creighton,* for plaintiff.

*Ashford & Ashford,* for defendants.

May 7, 1887.

See *See Hop & Co. vs. Parke, ante,* 688.